**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

|                    |   |                          |
|--------------------|---|--------------------------|
| TRAVIS FREEMAN,    | : |                          |
|                    | : | Civ. No. 19-7683(RMB)    |
| Petitioner         | : |                          |
|                    | : |                          |
| v.                 | : | **OPINION**              |
|                    | : |                          |
| WARDEN DAVID ORTIZ,| : |                          |
|                    | : |                          |
| Respondent         | : |                          |

_____:

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Travis Freeman's petition and amended petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his conviction and sentence under Supreme Court Cases Johnson, DiMaya and Davis.[1] (Pet., ECF No. 1; Am. Pet., ECF No. 4); Petr's Mem. in Supp. of Pet. (Petr's Mem., ECF No. 5); Petitioner's motion to appoint counsel; (Mot. to Appoint Counsel, ECF No. 2; Respondent's motion to dismiss the

---

[1] See Johnson v. United States, 135 S. Ct. 2551 (2015) (holding residual clause of Armed Career Criminal Act void for vagueness); Sessions v. DiMaya, 138 S. Ct. 1204 (2018) (holding residual clause of the federal criminal code's definition of crime of violence, as incorporated into the Immigration and Nationality Act's (INA) definition of aggravated felony, void for vagueness); United States v. Davis, 139 S. Ct. 2319 (2019) (holding residual clause of definition of violent felony in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague).

petition (Mot. to Dismiss, ECF No. 9); Respt's Brief in Supp. of Mot. to Dismiss (Respt's Brief, ECF No. 9-1). For the reasons set forth below, the Court will transfer the petition to the United States District Court, Eastern District of Virginia.

## I.  BACKGROUND

Petitioner is serving an aggregate sentence of 121-months for Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) and 2. (Declaration of Anne B. Taylor ("Taylor Decl.", Exhibits A and B.) Petitioner entered a guilty plea to these offenses on July 23, 2015, in the United States District Court, Eastern District of Virginia. (Taylor Decl., Exhibits A and B, ECF No. 9-2 at 3-17.) Petitioner has not previously pursued any post-conviction relief and his projected release date is March 25, 2024. (Taylor Decl., Ex. C, ECF No. 9-2 at 18-20)[2]

## II.  DISCUSSION

### A.  Motion to Appoint Counsel

Petitioner filed a motion to appoint counsel under 28 U.S.C. § 1915(e)(1), based on his indigency, lack of legal knowledge and limited access to legal materials. (Mot. to Appoint Counsel, ECF

---

[2] Available at https://www.bop.gov/inmateloc/.

No. 2.) In habeas proceedings, motions for appointment of counsel

are governed by 18 U.S.C. § 3006A(a)(2)(B)), which provides:

> (2) Whenever the United States magistrate
> judge or the court determines that the
> interests of justice so require,
> representation may be provided for any
> financially eligible person who— …
>
> (B) is seeking relief under section 2241,
> 2254, or 2255 of title 28.

A district court, in exercising its discretion, "must first

decide if the petitioner has presented a nonfrivolous claim and if

the appointment of counsel will benefit the petitioner and the

court." Reese v. Fulcomer, 946 F.2d 247, 263–64 (3d Cir. 1991)

superseded on other grounds by statute. "Factors influencing a

court's decision include the complexity of the factual and legal

issues in the case, as well as the pro se petitioner's ability to

investigate facts and present claims." Id.

Petitioner has presented a nonfrivolous claim. The matter is

before the Court upon Respondent's challenge to the Court's

jurisdiction. The jurisdictional issue is not factually or legally

complex. Petitioner has adequately presented his claims, and the

appointment of counsel for purposes of deciding the motion to

dismiss will not benefit Petitioner or the Court. Therefore,

Petitioner's motion to appoint counsel will be denied.

B.    The Petition and Amended Petition

In his petition for habeas relief under 28 U.S.C. § 2241,

Petitioner contends that he is unlawfully incarcerated because the statutory provision supporting his second count of conviction, 18 U.S.C. § 924(c), is unconstitutionally vague. (Pet., ECF No. 1; Am. Pet., ECF No. 4.) Petitioner asserts four grounds for relief, three in his original petition and the fourth in his amended petition.

In Ground One, he contends that his conviction is "unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015) in connection with that 'Crime of Violence.'" (Pet., ECF No. 1 at 6.) In Ground Two, Petitioner argues that Dimaya further invalidates his conviction. (Id.) In Ground Three, he contends that his counsel was ineffective during his prosecution by failing to make a Johnson-based challenge. (Id.) In Ground Four, presented in his memorandum in support of his amended petition, Petitioner argues that the Supreme Court decision Davis further supports his argument that his conviction is unlawful. (Petr's Mem., ECF No. 5.) For relief, Petitioner seeks to vacate his sentence or, in the alternative, to transfer his petition to his district of conviction. (Am. Pet., ECF No. 4 at 8.)

C.    Respondent's Motion to Dismiss

Respondent seeks dismissal of the habeas petition for lack of jurisdiction under 28 U.S.C. § 2241. (Respt's Brief, ECF No. 9-1 at 5.) Respondent argues that Petitioner could have raised any arguments about the effect of the Supreme Court's decision in

Johnson during the pendency of his criminal proceedings or by way of a motion under 28 U.S.C. § 2255. (Respt's Brief, ECF No. 9-1 at 5.) Respondent reasons that the Johnson decision was issued on June 26, 2015, before Petitioner's plea and subsequent sentencing. (Id. at 10.) Therefore, Petitioner cannot establish that he had no prior opportunity to test the legality of his conviction on the basis of the Johnson decision, a requisite for subject matter jurisdiction in the district of confinement under 28 U.S.C. § 2241. (Id. at 10-11.) Because Petitioner can seek relief under Section 2255 in his district of confinement, Respondent contends that this Court lacks jurisdiction under § 2241. (Id. at 12.)

D.   Standard of Review

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge a district court's subject matter jurisdiction. The court takes judicial notice of Petitioner's criminal docket in U.S. v. Freeman, 15cr40 (E.D. Va.)[3] See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999) (stating that a court may properly look at public records, including judicial proceedings, in considering a motion to dismiss).

E.   Analysis

"[A] federal prisoner's first (and most often only) route for

---

[3] Available at www.pacer.gov.

collateral review of his conviction or sentence is under § 2255. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). "[A] federal prisoner may resort to § 2241 only if he can establish that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)).

In the Third Circuit, a prisoner may resort to bringing his actual innocence claim in a § 2241 petition, if the "prisoner had had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Id. "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of direct appeal and initial § 2255 motion." Id. Here, Petitioner had an opportunity to present his Johnson claim during his prosecution and sentencing, and he has an opportunity to present his Davis claim in his first motion under 28 U.S.C. § 2255 in the district of conviction, the Eastern District of Virginia.[4]

A district court, finding that it lacks jurisdiction

> shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action … could have been brought at the time it was filed or noticed, and the action … shall proceed as if it had been filed in … the court to which it is transferred on

---

[4] In the alternative to vacation of his conviction under 18 U.S.C. 924(c), Petitioner seeks transfer of his petition to the district of conviction pursuant to 28 U.S.C. § 1631. (Am. Pet., ECF No. 4 at 8.)

the date upon which it was actually filed in
or noticed for the court from which it is
transferred.

28 U.S.C. § 1631.

It is in the interest of justice for this Court to transfer
this action to the Eastern District of Virginia for consideration
of Petitioner's claims by a court that has jurisdiction under 28
U.S.C. § 2255. <u>See</u> <u>Boatwright v. Warden FCI Fairton</u>, 742 F. App'x
701, 703-4 (3d Cir. 2018) (finding a § 2241 petitioner may seek to
transfer his petition to the district of conviction for
consideration under § 2255).

III. CONCLUSION

This Court lacks jurisdiction over Petitioner's petition for
writ of habeas corpus under 28 U.S.C. § 2241, but will transfer
the petition, pursuant to 28 U.S.C. § 1631, to the district of
conviction.


An appropriate Order follows.

Date: March 20, 2020

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**